IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| AMY JOYCE GUNN HOYT, *formerly known as Amy Joyce Gunn Gould, individually, and as natural guardian and guardian ad litem and trustee for: SAH, formerly known as SAG, a minor fifteen (15) years of age, and RAH, formerly known as RCAG, a minor under the age of fourteen (14) years,* <br><br> Plaintiff, <br><br> vs. <br><br> SIMON CRIPIN GROOM, and JAMES WINGETT HILL, <br><br> Defendants. | No. 2:18-cv-02800-DCN <br><br> **ORDER** |

The following matter is before the court on defendants Simon Crispin Groom ("Groom") and James Wingett Hill ("Hill") (collectively, "defendants") motion to dismiss, ECF No. 14. For the reasons set forth below, the court grants the motion to dismiss.

## I. BACKGROUND

Plaintiff Amy Joyce Gunn Hoyt ("plaintiff"), individually and on behalf of two of her minor children, brought this case against defendants in the Charleston County Court of Common Pleas on August 13, 2018. ECF No. 1-1 at 2. Plaintiff's complaint against defendants alleges causes of action for negligence, breach of fiduciary duty, fraud, willful neglect, and breach of contract in connection with defendants' roles as alleged trustees of an insurance policy ("Policy"). Id. at 6–9. Specifically, plaintiff alleges that the Policy was not in force or effect at the time of the death of her ex-husband, Simon Raymond

1

Gould ("Gould"), because defendants allowed the Policy to lapse. Id. at 5–6. Following plaintiff's divorce from Gould, a family court in South Carolina entered a divorce decree in 2006 ordering that Gould maintain the policy until its expiration in 2019, "with all premiums being timely paid by [Gould]," for which Plaintiff's minor children would be 50 percent beneficiaries. ECF No. 22-4 at 3–4. The court also allegedly ordered Mr. Gould to provide plaintiff with a designation of beneficiary designating her as trustee for the minor children as beneficiaries. Id. at 4.

Approximately five years later, in 2011, plaintiff filed an action in a South Carolina family court to terminate Gould's parental rights, after which the court ordered continued maintenance of the Policy. ECF No. 22-6 at 3. The court also ordered Gould to create an irrevocable insurance trust to ensure that plaintiff's minor children would be listed as beneficiaries on the policy through the end of its term. Id. In order to carry out the requirements of the order, Gould executed a trust deed on January 23, 2013 in Monaco ("Trust Deed") whereby defendants were named additional trustees of the Trust Deed. ECF No. 22-8. Following Gould's death in 2017, the insurance company denied plaintiff's death claim because the Policy had been terminated for non-payment of premium. Plaintiff then filed the following suit against defendants. ECF No. 1-1.

On October 16, 2018, defendants removed the case to this court. ECF No. 1. On October 23, 2018, defendants moved to dismiss for lack of personal jurisdiction, arguing that they are both citizens of the United Kingdom, residing in Monaco, and "have insufficient contacts with South Carolina to require them to appear and defend themselves." ECF No. 5-1 at 4–10. In response, plaintiff requested that the court stay ruling on the motion to dismiss while a related case in this court, Hoyt v Phoenix Life

Limited et al, 2:18-cv-02759-RMG, was pending. ECF No. 10 at 1. On December 13, 2018, the Court granted the stay and dismissed the defendants' pending motion to dismiss without prejudice and allowed defendants to re-file after the stay was lifted. ECF No. 11. On July 23, 2019, the parties informed the court the stay was no longer needed, and the court lifted the stay. ECF No. 12.

On August 8, 2019, defendants refiled their motion to dismiss. ECF No. 14. On August 19, 2019, the parties filed a joint motion for jurisdictional discovery. ECF No. 16. On August 21, 2019, the court granted the motion for discovery. ECF No. 18. On November 22, 2019, plaintiff filed her response to defendants' motion to dismiss, ECF No. 22, to which the defendants replied on December 2, 2019, ECF No. 23. The motion is now ripe for the court's review.

## II. STANDARD

When a defendant challenges personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists by a preponderance of the evidence. In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). To meet its burden to show personal jurisdiction, a plaintiff must show (1) that South Carolina's long-arm statute authorizes jurisdiction, and (2) that the exercise of personal jurisdiction complies with constitutional due process requirements. See, e.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

"'In considering the challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" In

re Celotex Corp., 124 F.3d 619 at 628 (quoting Combs, 886 F.2d at 676). However, the court need not "credit conclusory allegations or draw farfetched inferences[,]" Masselli & Lane, PC v. Miller & Schuh, PA, 2000 WL 691100, at *1 (4th Cir. 2000) (citation omitted) (per curiam), and "may consider facts outside of the complaint, including affidavits." Lane v. Lane, 2015 WL 5918955 at *6 n.9 (D.S.C. Oct. 8, 2015) (citing Coggeshell v. Reprod. Endocrine Assocs., 655 S.E.2d 476, 478 (S.C. 2007)).

### III. DISCUSSION

Both parties agree that defendants have insufficient contacts with South Carolina to support an assertion of general jurisdiction. ECF No. 15 at 11; ECF No. 22 at 3. Defendants contend that plaintiff cannot meet her burden to support an assertion of specific jurisdiction, and therefore, cannot prove they are subject to personal jurisdiction in South Carolina. ECF No. 15 at 11. Plaintiff argues that defendants have sufficient minimum contacts with South Carolina through their dealings concerning the Policy and Trust Deed to satisfy the burden necessary to show specific personal jurisdiction. ECF No. 22 at 4.

In evaluating a challenge to personal jurisdiction under a state's long-arm statute, the court engages in a two-step analysis. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). First, the long-arm statute must authorize the exercise of jurisdiction under the facts presented. Id. Second, if the statute does authorize jurisdiction, then the court must determine if the statutory assertion of personal jurisdiction is consistent with due process. Id. South Carolina's long-arm statute extends to the outer limits allowed by the Due Process Clause. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Consequently, the only question before the court is whether the

exercise of personal jurisdiction would violate due process. ESAB Group., Inc., 34 F. Supp. 2d 323 at 328.

The due process test for personal jurisdiction involves two components: minimum contacts and fairness. See World–Wide Volkswagen Corp., 444 U.S. 286 (1980). Under the minimum contacts test, a nonresident defendant must have certain minimum contacts such that the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. 310 at 316 (1945). Due process is satisfied if the courts asserts personal jurisdiction over a defendant who "purposefully avails itself of the privilege of conducting activities within the forum state," Hanson v. Denckla, 357 U.S. 235, 253 (1958), such that it "should reasonably anticipate being haled into court there," World-Wide Volkswagen, 444 U.S. at 297. After a showing of defendant's purposeful availment, the reasonableness inquiry balances any burden on defendant against countervailing concerns such as plaintiff's interest in obtaining relief and the forum state's interest in the controversy. See id. at 292.

Personal jurisdiction over a nonresident defendant can be either specific or general. ESAB Group, Inc., 126 F.3d at 623–24. As previously stated, plaintiff concedes that there is no general jurisdiction over defendants. ECF No. 22 at 3. Specific jurisdiction arises when a cause of action is related to the defendant's activities within the forum state. See S.C. Code Ann. § 36-2-803; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Defendants argue that the court has no specific jurisdiction over them. The court agrees.

The Fourth Circuit applies a three-part test when evaluating the propriety of exercising specific jurisdiction: (1) whether and to what extent the defendant purposely

5

availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally "reasonable." Nolan, 259 F.3d 209 at 215–216 (citing Helicopteros, 466 U.S. at 414–16; Burger King v. Rudzewicz, 471 U.S. 462, 472, 476–77 (1985)). Because the three-prong Nolan test "focuses on the relationship among the defendant, the forum, and the litigation," the Supreme Court has emphasized "[t]wo related aspects of this necessary relationship." Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n, 2016 WL 6781057, at *6 (D.S.C. Nov. 16, 2016) (quoting Walden v. Fiore, 571 U.S. 277, 284 (2014)) (quotation marks omitted). "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State." Walden, 571 U.S. 277 at 284 (quoting Burger King Corp., 471 U.S. 462 at 475) (emphasis in original). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id.

The first prong of the Nolan test for specific jurisdiction concerns whether a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 877 (2011) (quoting Hanson, 357 U.S. at 253). The "purposeful availment" element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts or the unilateral activity of another person or third party. Burger King, 471 U.S. at 475. Even a single contact with the forum state can constitute purposeful availment

sufficient to satisfy due process requirements. Id. at 475 n.18 ("So long as it creates a 'substantial connection' with the forum, even a single act can support jurisdiction.").

The Fourth Circuit has relied on several nonexclusive factors to determine whether a defendant has purposefully availed itself of a forum in the context of a business relationship, including:

> whether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality and extent of the parties' communications about the business being transacted; and whether the performance of contractual duties was to occur within the forum.

Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted). Sporadic business activity within the forum state, "do[es] not amount to purposeful availment of the privilege of conducting activities within" the forum state. Callum v. CVS Health Corp., 137 F. Supp. 3d 817, 837 (D.S.C. 2015). The residency of one or more trust beneficiaries or settlors in a forum state alone has been found to be insufficient to find that non-resident trustees meet the purposefully availment standard. Hanson, 357 U.S. at 253–254 (holding a Florida court could not exercise personal jurisdiction on a trustee in Delaware based solely on the contacts of the trust's settlor, who was domiciled in Florida, executing powers of appointment there, and trustee had remitted trust income to her in that state); see also Companion Prop. & Cas. Ins. Co., 2016 WL 6781057 at *9–10 (finding that non-resident defendant's role of a trustee did rise to the level of purposeful availment even though trustee had actual knowledge of beneficiaries in South Carolina.).

Plaintiff contends that defendants have met the purposeful availment prong because defendants drafted and caused to be delivered the Trust Deed, which held the South Carolina marital property Policy, to South Carolina to satisfy a specific term of a South Carolina Family Court order entered for benefit of plaintiff's minor children residing in South Carolina, had other lawyers in their law firm contact South Carolina in connection with the Trust Deed and Policy, and were made agents for service of process related to the Trust Deed by Gould. ECF No. 22 at 4; ECF No. 22-3. Plaintiff's contention runs afoul of the Supreme Court's edict that the defendant's relationship to the state "must arise out of contacts that the defendant _himself_ creates with the forum State." Walden, 571 U.S. 277 at 284 (emphasis in original). Indeed, the Supreme Court "ha[s] consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." Id. (quoting Helicopteros Nacionales de Colombia, S.A., 466 U.S. 408 at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction")).

Here, the Policy was issued by a United Kingdom-based company ensuring the life of a United Kingdom citizen living in Monaco. The only reason that the Policy affects individuals in South Carolina is because plaintiff and her children, third-parties to the Policy, moved to South Carolina after the issuance of the Policy.[1] Similarly, the Trust Deed formed by defendants, who are citizens of the United Kingdom domiciled in

---

[1] In a corresponding lawsuit, the Policy was determined not to be property of South Carolina, regardless of the state court rulings. Hoyt v. Phoenix Life Ltd., 2019 WL 1517554, at *4 (D.S.C. Apr. 8, 2019).

Monaco, was created in Monaco for a United Kingdom citizen living in Monaco.  Even with defendants' knowledge that plaintiff and plaintiff's children were living in South Carolina at the time of the creation of the Trust Deed, their knowledge that a plaintiff has "strong forum connections" and that the plaintiff will suffer harm in the forum does not satisfy the minimum contacts test, as it "impermissibly allows a plaintiff's contacts with the defendant[s] and forum to drive the jurisdictional analysis," rather than contacts created by the defendants.  Id. at 287–88.  Furthermore, Gould named defendants agents for service without defendants' consent, brought the Trust Deed from defendants' office in Monaco to South Carolina himself, and the e-mails to South Carolina about the Trust Deed were from another lawyer in their law firm, and not defendants.  ECF No. 23-1 at 8–18.  The contacts by a third-party, in this case Gould and the other lawyer, are insufficient to establish purposeful availment.  See Walden, 571 U.S. 277 at 286 ("[A] defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction."); see also Companion Prop. & Cas. Ins. Co., 2016 WL 6781057 at *10.

In short, plaintiff makes two arguments as to why defendants have purposefully availed themselves of jurisdiction in South Carolina: one is premised on contacts made by plaintiff or a third party and not on contacts created by defendants themselves, and the second is based on defendants' knowledge that harm may be done in South Carolina.  Both arguments are unavailing.  Walden, 571 U.S. 277 at 286; see also Maxitrate Tratamento Termico E Controles v. Super Sys., Inc., 617 Fed.Appx. 406, 408 (6th Cir. 2015) (explaining that, in Walden, "the Supreme Court rejected th[e] theory" that "if a defendant knows that its intentional acts will cause effects in a state, then that state can exercise jurisdiction over the defendant") Rockwood Select Asset Fund XI (6)-1, LLC v.

9

Devine, Millimet & Branch, 750 F.3d 1178, 1180 (10th Cir. 2014) (holding that interactions with the forum state that were instigated by the plaintiff were not sufficient to prove personal jurisdiction); Companion Prop. & Cas. Ins. Co., 2016 WL 6781057 at *10 ("As Walden treats third parties and plaintiffs similarly, the court sees no reason to reject a corollary to the rule just expressed—a defendant's knowledge that a third party has strong connections to a state, such that harm to that third party or caused by that third party is likely to occur in the state, alone, does not amount to the defendant's purposefully availing himself of the privilege of conducting activities in that state. The same rationale that applies in the case of a plaintiff would apply in the case of a third party: focus on a defendant's knowledge regarding a third party's contacts allows the third party's contacts, rather than contacts created by the defendant, to control jurisdiction."); Campinha-Bacote v. Wick, 2015 WL 7354014, at *5 (S.D. Ohio Nov. 20, 2015) ("[If] the allegations show, at best, that Defendant merely knew or should have known that her actions may have some effect in [the state, t]hat is not enough to show purposeful availment.").

Furthermore, defendants have stated in an affidavit that neither have ever been residents of South Carolina or citizens of the United States. ECF No. 14-1; ECF No. 14-2. They have never even been to South Carolina, nor have they owned or leased any real or personal property in South Carolina, been licensed or registered to do business in South Carolina, had a bank account in South Carolina, paid any taxes to the State of South Carolina, transacted or solicited business or advertised in South Carolina, or entered into a contract to be performed in whole or in part in South Carolina. Id. Considering the factors relied upon by the Fourth Circuit to determine if purposeful

availment exists, plaintiff falls short of establishing personal jurisdiction. The main fact supporting jurisdiction, that the defendants were trustees for a trust that had beneficiaries located in South Carolina, cannot overcome the other factors against jurisdiction for the court to conclude that defendants purposefully availed themselves of the privileges of South Carolina law. As such, plaintiff cannot establish that the court has specific jurisdiction over defendants, and the court grants defendants' motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion to dismiss the complaint.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 18, 2019
Charleston, South Carolina**